Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 849 - 1 | **DATE** | 4/24/2000 |
| **CASE TITLE** | U.S.A. vs. Newell | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to quash the subpoena as modified is granted. Government's motion to quash subpoenas is denied. Enter Memorandum Opinion and Order.
(11) ☑ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 25 2000 date docketed | |
| | Docketing to mail notices. | | | 49 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/24/2000 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 99 CR 849 |
| DONALD NEWELL, | ) ) | |
| Defendant. | ) | |

DOCKETED
APR 25 2000

## **MEMORANDUM OPINION AND ORDER**

Donald Newell was indicted for filing a false tax return in 1994. The government attempted to subpoena certain records relating to statements Newell made at a proffer session with his former attorney. It has withdrawn a demand in that subpoena for records relating to statements Newell made relating to the subject matter of his proffers and for attorney billing information, thus withdrawing that part of the subpoena as to Stephenson and the subpoena for this material served on Cotsirilos, Tighe & Streicker, Ltd.[1] Newell moves to quash the subpoena as modified, and I grant

---

[1] The government "requests I order Stephenson to provide additional face sheets" relating to billing if certain circumstances arise. The proper form for a request that court issue an order is a motion, which may not appear as part of a response to a motion. However, any such motion would be premature. The motion may be filed if the circumstances do indeed arise.

his motion. The government also moves to quash some subpoenas Newell served upon the IRS, and I deny those motions.

I.

The United States' subpoena demands the production of Newell's former counsel's notes and documents relating to his proffer to the government. The government argues that the records are potential impeachment material, and that it would be unfair to the government if Newell can impeach its witnesses with discovered memoranda while the government cannot do likewise. However, the principle cited by the United States, "What is sauce for the goose is sauce for the gander," is not a federal rule of criminal procedure. Fed. R. Crim. P. 16(b)(2) does not authorize discovery of statements made by the defendant or his attorneys in connection with the case, and Rule 17(c), which authorizes a subpoena in certain circumstances, is not an "additional means of discovery," *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).

Newell contends that a subpoena should be quashed when it calls for privileged matter. *See In re Martin Marietta Corp*, 856 F.2d 619, 622 (4th Cir. 1988). Newell argues that the subpoena requests verbal or documentary communication between Mr. Newell and his attorney that involves material protected by attorney-client

privilege. *See In Re: Subpoenaed Grand Jury Witness*, 171 F.3d 511, 514 (7th Cir. 1999)(quashing subpoena for material protected by attorney-client privilege, here client identity). Newell also claims that the subpoena requests the former attorney's notes of "any statements . . . [Newell made] during the course of proffering statements or documents to the government," and he claims that this material is attorney-client work product and therefore cannot be subpoenaed. *See In re Special September 1978 Grand Jury (II)*, 640 F.2d 49, 61 (7th Cir. 1980) (acknowledging that work product doctrine can be a basis to quash subpoenas).

The government replies, first, that it is "hard to imagine" that there could be any privileged information in these communications, since the proffer was intended to be communicated to the government. Actually, it is not in the least hard to imagine how the discussion about what to proffer could create privileged material. The discussions about what to include or exclude in the proffer, how to frame it, and so forth, were decidedly not the sort of thing that was intended to be communicated to the government because it might reveal the attorney's thought processes to the government in a way that could prejudice the defense. This material is as privileged as any attorney-client confidences could be. The

-3-

proffer itself is not privileged, but the government has that material.

Second, the government says that Newell has waived the attorney-client privilege by using his former attorney's testimony or calling Stephenson as a witness. *See United States v. Noble*, 422 U.S. 225, 238-39 (1975). The case is not to the point. It holds that work product protection is waived if the attorney "is called as a witness." *Id.* at 228 (White and Rehnquist, JJ., concurring). Stephenson has not been called as a witness, and it is unclear whether he will be. If he is so called, under *Noble*, the government would be entitled to his work product "at the completion" of his testimony. *Id.* at 229.

The government argues, third, that the because the privilege should be narrowly construed, I must decide on a document-by-document basis whether it applies. If Stephenson testifies and there is any question about whether he must turn over particular notes I will examine them at that time. Until then, since defendant has stated that Stephenson may testify about proffer sessions with the government, he shall retain any notes taken at those sessions or that recount anything said in those meetings.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 24, 2000

Copies are being mailed to:

James M. Conway
Assistant U.S. Attorney
219 S. Dearborn Street
Chicago, IL  60604

Attorney for United States

James A. Churney
Latham & Watkins
5800 Sears Tower
Chicago, IL  60606

Attorney for Defendant